JOHN C. CHAMBERLAIN v. HARRY MONKHOUSE.

**No. 13,211.** (72 Pac. 860.)

Error from Brown district court; WILLIAM I. STUART, judge.    Opinion filed June 6, 1903.    Affirmed.

*Jackson & Jackson*, for plaintiff in error.

*James Falloon*, for defendant in error.

*Per Curiam:* A tenant of real estate made improvements upon the leased premises under an oral agreement that his rent should be applied to the cost of such improvements, and that any balance of such cost remaining undischarged should be paid by the landlord when the tenant left the premises or the town in which they were situated

The event upon which the balance should become due was single.   The expressions used in the conversation of the parties were not intended to be in the alternative, but were designed merely to make definite the agreement that so long as the tenant was liable for rent the rent should go to the payment of the advancements for the improvements; and that when the rent ceased, and there was no longer a fund from that source to be applied on the account for improvements, the unpaid balance should be due from the landlord.   This construction of the contract is confirmed by the pleadings of the landlord in defense to the action by the tenant for the balance due on account of the advancements for improvements.   Such being the agreement of the parties, the action was not barred by the statute of limitations.

In stating the account between the parties, the tenant was allowed an item of twenty-five dollars as a reduction which the landlord agreed to allow on one year's rent, and it is claimed that there was no consideration for such agreement.   Such defense was not made by the pleadings and cannot now be considered.

By a cross-petition in error, it is claimed on the part of the tenant that he should be allowed an item of $100, cash advanced to the landlord more than three years prior to the suit.   The court found, however, upon sufficient testimony, that this item was a loan, separate from the matter of advancement for improvements, and hence could not be included in that account.

. The record is therefore free from error, and the judgment is affirmed.